# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERNEST SMALIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF PITTSBURGH SCH. DIST., | ) Civ. A. No. 15-1489 |
| CITY OF PITTSBURGH LAW DEP'T, | ) |
| ALLEGHENY CNTY. LAW DEP'T, *and* | ) |
| CNTY. BD. OF PROP. ASSESSMENT | ) |
| APPEAL & REVIEW, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

CONTI, Chief District Judge

### I.     INTRODUCTION

Pending before the court is a motion to withdraw the reference of an adversary proceeding from the bankruptcy court filed by *pro se* plaintiff Ernest Smalis ("plaintiff") pursuant to 28 U.S.C. § 157(d). (ECF No. 1.)[1] Defendants the City of Pittsburgh School District, the City of Pittsburgh Law Department, the Allegheny County Law Department, and the Allegheny County Board of Property Assessment, Appeal, and Review (collectively, "defendants") filed a joint response opposing plaintiff's motion. (ECF No. 3.) Plaintiff filed a reply to defendants' joint response. (ECF No. 4.) Having been fully briefed, plaintiff's motion is ripe for disposition. For the reasons set forth in this memorandum opinion, the court will deny plaintiff's motion.

---

[1] Unless a different case number is specified, all "ECF" citations correspond to the docket in civil number 15-1489.

1

## II. BACKGROUND

On September 2, 2005, debtor Despina Smalis ("debtor") voluntarily filed a Chapter 7 bankruptcy petition in the bankruptcy court. (Bankr. No. 05-31587, ECF No. 1.)

On November 19, 2013, plaintiff filed a civil action against defendants in this court at civil number 13-1646 (the "13-1646 civil action"). (Civ. No. 13-1646, ECF No. 1.) Plaintiff commenced the 13-1646 civil action pursuant to 42 U.S.C. § 1983 and alleged defendants violated his constitutional rights by over-taxing his property and failing to mail local tax-assessment notices to him while he was incarcerated. (*Id.*) On May 16, 2014, the court issued an opinion and order in the 13-1646 civil action dismissing plaintiff's claims for want of federal subject-matter jurisdiction. (Civ. No. 13-1646, ECF No. 32); *Smalis v. Allegheny Cnty. Bd. of Prop. Assessment, Appeal & Review*, No. 13-1646, 2014 WL 2039964 (W.D. Pa. May 16, 2014) (concluding that the Tax Injunction Act, 28 U.S.C. § 1341, divested the court of jurisdiction over plaintiff's claims). On June 12, 2014, plaintiff appealed the court's May 16, 2014 opinion and order in the 13-1646 civil action to the United States Court of Appeals for the Third Circuit. *See* (Civ. No. 13-1646, ECF No. 34.) Resolution of plaintiff's appeal is still pending. *See Smalis*, App. No. 14-3013 (3d. Cir.).

On September 10, 2015, plaintiff commenced an adversary proceeding against defendants in the bankruptcy court at adversary number 15-2182 (the "15-2182 adversary proceeding"). *See* (Bankr. No. 05-31587, ECF No. 270); (Adversary No. 15-2182, ECF No. 1.) Plaintiff's § 1983 claim in the 15-2182 adversary proceeding duplicates the §

2

1983 claim plaintiff brought in the previously-dismissed 13-1646 civil action. *See* (Adversary No. 15-2182, ECF No. 1 (alleging due process violations stemming from local property tax assessment and notification procedures).

On October 22, 2015, plaintiff filed the instant motion to withdraw the reference of the 15-2182 adversary proceeding from the bankruptcy court to this court, pursuant to 28 U.S.C. § 157(d). (ECF No. 1.)

### III. DISCUSSION

"[D]istrict courts 'have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11,'" *i.e.*, the United States Bankruptcy Code. *United States v. Delfasco, Inc.*, 409 B.R. 704, 706 (D. Del. 2009) (quoting 28 U.S.C. § 1334(b)). The court may provide that "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." 28 U.S.C. § 157(a). The court may withdraw the reference from the bankruptcy court pursuant to the mandatory or discretionary withdrawal provisions set forth in 28 U.S.C. § 157(d). *See, e.g.*, *Nw. Inst. of Psychiatry, Inc. v. Travelers Indem. Co.*, 272 B.R. 104, 107 (E.D. Pa. 2001).

#### A. **Mandatory withdrawal**

Pursuant to § 157(d)'s mandatory withdrawal provision, the court "*shall*, on timely motion of a party, . . . withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d)

3

(emphasis added). A "literal interpretation" of § 157(d)'s mandatory provision "could result in an 'escape hatch' through which most bankruptcy matters could routinely be removed to the district court." *Delfasco, Inc.*, 409 B.R. at 707 (quoting *In re Quaker City Gear Works, Inc.*, 128 B.R. 711, 713 (E.D. Pa. 1991)). For this reason, district courts within the Third Circuit have held that § 157(d)'s mandatory provision applies "only where the action requires a 'substantial and material' consideration of federal law outside the Bankruptcy Code." *Id.* (quoting *In re Continental Airlines*, 138 B.R. 442, 444–46 (D. Del. 1992)). The movant bears the burden of demonstrating that the proceeding at issue requires "a substantial and material consideration of [federal law] outside the Bankruptcy Code." *Id.*

Plaintiff did not identify, and the court cannot discern, circumstances warranting the application of § 157(d)'s mandatory withdrawal provision in this case. "[R]esolution of" the 15-2182 adversary proceeding would not require this court to engage in "substantial and material consideration," *Delfasco, Inc.*, 409 B.R. at 707, of both the Bankruptcy Code and federal law "regulating organizations or activities affecting *inter*state commerce." 28 U.S.C. § 157(d) (emphasis added.) Plaintiff's allegations in the 15-2182 adversary proceeding relate solely to whether a local property taxing-body's assessment notification and collection procedure—as applied solely to a local resident and his local real property—violated plaintiff's federal constitutional right of due process. Plaintiff does not allege local property taxing-bodies discriminated against, or otherwise acted to affect, interstate commerce in any manner. *C.f. Camps Newfound/Owatonna, Inc. v. Town of Harrison*, 520 U.S. 564, 574–75 (1997) ("A State's 'power to lay and collect

4

taxes, [including state real estate taxes,] . . . cannot be exerted in a way which involves a discrimination against [interstate] commerce." (quoting *Pennsylvania v. West Virginia*, 262 U.S. 553, 596 (1923))). Plaintiff's allegations, therefore, appear to implicate only *intra*state matters. Consequently, § 157(d) does not apply, and mandatory withdrawal is not appropriate in this action.

### B. <u>Discretionary withdrawal</u>

Pursuant to § 157(d)'s discretionary withdrawal provision, the court "*may* withdraw, in whole or in part, any case or proceeding referred [to the bankruptcy court] . . . on timely motion of any party, for cause shown." 28 U.S.C. § 157(d) (emphasis added); *In re Pruitt*, 910 F.2d 1160, 1168 (3d Cir. 1990). Section 157(d)'s discretionary provision "requires in clear terms that cause be shown before the reference can be withdrawn" from the bankruptcy court. *In re Pruitt*, 910 F.2d at 1168. The Bankruptcy Code does not define "cause" under § 157(d), but the Third Circuit Court of Appeals has indicated that

> "[t]he district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."

*Id.* (quoting *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985)). Importantly, discretionary withdrawal is the "exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy courts," and withdrawal is to be "reserved for the unusual circumstance" in which it is "essential to preserve a higher interest." BANKRUPTCY LAW MANUAL § 2:11 (5th ed. 2015) (citing decisions) (internal quotation marks omitted); *accord Irvin v. Faller*, 531 B.R. 704, 706 (W.D. Ky.

2015). The district court's decision to grant or deny discretionary withdrawal is "committed to the sound discretion of the district court." BANKRUPTCY LAW MANUAL § 2:11 (5th ed. 2015) (citing decisions).

Plaintiff did not show, and the court cannot discern circumstances demonstrating, "cause" for discretionary withdrawal of the 15-2182 adversary proceeding in this case.

First, withdrawal of the 15-2182 adversary proceeding would undermine—rather than—"promot[e] uniformity" in this bankruptcy action's administration. *In re Pruitt*, 910 F.2d at 1168. The bankruptcy court has presided over debtor's bankruptcy proceeding for more than ten years. Certain of plaintiff's ancillary contentions in the 15-2182 adversary proceeding relate to plaintiff's alleged legal relationship with debtor and to the bankruptcy estate. Plaintiff points to matters involving the bankruptcy court's expertise and experience. *See, e.g.*, (Adversary No. 15-2182, ECF No. 1 (alleging, for example: (1) the bankruptcy court has jurisdiction over plaintiff's "tax dispute" because "a debtor's agreement to pay the tax liability of a non-debtor renders the tax dispute related to the bankruptcy case"; (2) the bankruptcy trustee failed to disclose to bidders that the property at issue was "contaminated" and "condemned"; and (3) the local "taxing bodies misapplied . . . payments from the trustee").) Given the bankruptcy court's experience and expertise in this case, these factors counsel in favor of denying plaintiff's motion.

Second, withdrawal of the 15-2182 adversary proceeding would generate—rather than "reduce"—"confusion" in this case. *In re Pruitt*, 910 F.2d at 1168. As stated, plaintiff's § 1983 claim in the 15-2182 adversary proceeding duplicates the § 1983 claim

6

plaintiff asserted in the 13-1646 civil action. In the 13-1646 civil action, another judge in this district dismissed plaintiff's § 1983 claim for want of jurisdiction, and plaintiff appealed that decision to the Third Circuit Court of Appeals. Plaintiff's appeal is currently pending. In his motion for withdrawal of the 15-2182 adversary proceeding, therefore, plaintiff impliedly asks this court to reexamine his § 1983 claim, notwithstanding that: (1) that same § 1983 claim was already dismissed in the 13-1646 civil action; and (2) the Third Circuit Court of Appeals is currently reviewing the decision to dismiss plaintiff's § 1983 claim. In light of the procedural postures of these matters, granting plaintiff's request would generate confusion for the parties, the bankruptcy court, the appellate court, and this court. These factors counsel in favor of denying plaintiff's motion.

Third, withdrawal of the 15-2182 adversary proceeding would impede—not "expedite"—the "bankruptcy process" in this case, thereby frustrating—rather than "fostering"—the "economical use of the debtors' and creditors' resources." *In re Pruitt*, 910 F.2d at 1168. Plaintiff's motion has already delayed the prompt resolution of this bankruptcy proceeding. After plaintiff filed his complaint (and several amendments thereto) in the 15-2182 adversary proceeding, the bankruptcy court scheduled a hearing for November 12, 2015, concerning: (1) subject-matter jurisdiction; (2) whether plaintiff's claims are the "subject matter of an action proceeding in another forum" (presumably, the Third Circuit Court of Appeals); (3) whether plaintiff's claims have been resolved by another court order; (4) standing; and (5) whether plaintiff should be sanctioned for "repetitively fil[ing] complaints, motions, and various other documents in

7

an attempt to raise matters which were previously resolved." (Adversary No. 15-2182, ECF No. 13.) In advance of the scheduled hearing, defendants filed motions to dismiss plaintiff's complaint in the 15-2182 adversary proceeding. *See* (Adversary No. 15-2182, ECF No. 38, 39, 41, 42.) In light of plaintiff's October 22, 2015 motion to withdraw the reference of the 15-2182 adversary proceeding, however, the bankruptcy court cancelled the November 12, 2015 hearing and held "all matters to be addressed at that hearing . . . in abeyance" pending this court's resolution of the instant motion. (Adversary No. 15-2182, ECF No. 34.) In light of these circumstances, and plaintiff's failure otherwise to show cause, the court concludes that withdrawal of the 15-2182 adversary proceeding would further interfere with the prompt resolution of this bankruptcy proceeding. Withdrawal would, moreover, waste the parties' and the courts' time and resources. These factors counsel in favor of denying plaintiff's motion.

Based upon the foregoing analysis, the court will exercise its discretion and deny plaintiff's motion to withdraw the reference of the 15-2182 adversary proceeding.

## V.     CONCLUSION

For the reasons set forth in this memorandum opinion, the court will deny plaintiff's motion to withdraw the reference of the 15-2182 adversary proceeding from the bankruptcy court pursuant to 28 U.S.C. § 157(d). An appropriate order will follow.

DATED:     January 11, 2016

/S/ JOY FLOWERS CONTI
Joy Flowers Conti
Chief United States District Judge

**CC**:

ERNEST SMALIS
6652 Northumberland Street
Pittsburgh, PA 15217