IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 05-31587-CMB |
| DESPINA SMALIS, | Chapter 7 |
| Debtor. | |
| ERNEST SMALIS, | |
| Plaintiff, | Adversary No. 15-2182-CMB |
| v. | |
| CITY OF PITTSBURGH SCHOOL DISTRICT, CITY OF PITTSBURGH LAW DEPARTMENT, ALLEGHENY COUNTY LAW DEPARTMENT, COUNTY BOARD OF PROPERTY ASSESSMENT APPEAL AND REVIEW, | Related to Doc. Nos. 38 & 41 |
| Defendants. | |

## MEMORANDUM OPINION

The above-captioned adversary proceeding was commenced by Ernest Smalis, the former spouse of the Debtor, Despina Smalis. Shortly after the filing of Mr. Smalis' *Amended Complaint* ("Complaint"), this Court issued an Order setting a hearing and advising that, at that time, the Court may dismiss the Complaint for the reasons set forth therein. Thereafter, two motions to dismiss, accompanied by briefs in support, were filed: *Defendant Allegheny County Law Department's Motion to Dismiss Plaintiff's Amended Complaint* and *Defendant City of Pittsburgh Law Department's Motion to Dismiss Plaintiff's Amended Adversary Complaint* (collectively, "Motions to Dismiss"). A response to the Motions to Dismiss was filed by Mr.

1

Smalis, and a hearing was held on April 7, 2016. For the reasons stated herein, the Complaint will be dismissed.

## Background and Procedural History

The above-captioned bankruptcy case was commenced by Despina Smalis on September 2, 2005, by the filing of a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Within Debtor's Schedule A, she identified her interest in numerous properties, including 3224 Boulevard of the Allies, Pittsburgh, Pennsylvania ("Boulevard of the Allies Property") and 4073 Liberty Avenue, Pittsburgh, Pennsylvania ("Liberty Avenue Property").

On **November 23, 2005**, the former Chapter 7 Trustee, Stanley G. Makoroff ("Trustee Makoroff") commenced an adversary proceeding seeking to sell the Boulevard of the Allies Property. *See* Adv. No. 05-3308. In that proceeding, Mr. Smalis, a co-owner, was named as a defendant. Mr. Smalis filed an answer and actively participated in the proceeding, which ultimately culminated in the sale of the Boulevard of the Allies Property for the amount of $1,350,000. *See* Adv. No. 05-3308, Doc. No. 19. On **August 8, 2006**, Trustee Makoroff filed a *Report of Sale* detailing, *inter alia*, the disbursements made at settlement for city, school, and county taxes as well as distributions to co-owners. *See* Adv. No. 05-3308, Doc. No. 23. The adversary proceeding has remained closed since 2006.

On March 6, 2006, an Order was entered granting Debtor a discharge under 11 U.S.C. §727. On September 25, 2006, Trustee Makoroff filed the *Trustee's Final Report and Account of the Administration of the Estate and Final Application for Compensation*. *See* Case No. 05-31587, Doc. No. 92. Therein, Trustee Makoroff designated property to be abandoned pursuant to 11 U.S.C. §554(c), which included the Liberty Avenue Property. In the *Notice of Filing of Final Account of Trustee Scheduling Hearing on Applications for Compensation, and Proposed Final*

2

*Distribution Combined with Order Fixing Deadline for Filing Objections Thereto*, notice was also provided that "[a]ny property not administered by the trustee will be deemed abandoned." *See* Case No. 05-31587, Doc. Nos. 97 and 101 (showing service on Mr. Smalis). Thereafter, on November 2, 2006, Trustee Makoroff's proposed distribution was approved by the Court, which resulted in a surplus being paid to the Debtor. The bankruptcy case was closed on March 28, 2007.

On the motion of the Commonwealth of Pennsylvania, Department of Environmental Protection ("DEP"), the case was reopened on October 30, 2008. Despite its reopening, the case remained inactive from that time until the filing of Mr. Smalis' *Complaint to Determine Dischargeability* on April 2, 2012. *See* Adv. No. 12-2140. A settlement was reached between Mr. Smalis and the Debtor, and Mr. Smalis consented to the dismissal of the adversary proceeding. As part of the settlement, the Debtor released her interest in the Liberty Avenue Property to Mr. Smalis.[1] The adversary proceeding was closed following the settlement in November of 2012.[2]

The instant proceeding was commenced by Mr. Smalis on September 10, 2015, seeking a determination of real estate tax liability and recoupment of funds resulting from alleged overpayment to the taxing bodies. Within his Complaint, Mr. Smalis specifically references two

---

[1] In this Court's Memorandum Opinion dated September 15, 2015, the Court addressed the abandonment of property in the context of Mr. Smalis' settlement with the Debtor in Adv. No. 12-2140. *See* Adv. No. 12-2140, Doc. No. 62, at 4, 5 n.9.

[2] Despite the resolution and closing of the proceeding in 2012, on June 8, 2015, Mr. Smalis filed *Plaintiff Ernest Smalis Motion to Deem Settlement Agreement Defective and Void* [and] *Plaintiff Ernest Smalis Motion to Bar Debtor from Legal Proceedings in Bankruptcy Pursuant to the Doctrine of Judicial Estoppel*. Said motion was denied by this Court's Order dated July 7, 2015. *See* Adv. No. 12-2140, Doc. No. 43. Mr. Smalis subsequently sought reconsideration of the Order. Following the filing of a Memorandum Opinion, the Court entered its Order dated September 15, 2015, denying the request for reconsideration. *See* Adv. No. 12-2140, Doc. Nos. 62 and 63. Mr. Smalis appealed the decision, which was affirmed by the District Court on March 29, 2016. Mr. Smalis has appealed that decision to the Third Circuit Court of Appeals.

pieces of property, the Boulevard of the Allies Property and the Liberty Avenue Property. Based on this Court's extensive familiarity with this case and the record, on September 22, 2015, this Court entered an Order setting a hearing and advising that the Complaint may be dismissed at that time for the reasons set forth therein. In particular, the Order directed as follows:

> The parties shall be prepared to address the following issues at the Hearing: (1) whether this Court has subject matter jurisdiction over this dispute among non-debtors; (2) whether Mr. Smalis' claims are, in whole or in part, the subject matter of an action proceeding in another forum; (3) whether orders may have been entered by other court(s) resolving any of Mr. Smalis' claims raised in the Complaint; and (4) whether Mr. Smalis has standing to purs[u]e any claims on behalf of the estate to the extent he asserts that a refund should be made to the estate.

*See* Adv. No. 15-2182, Doc. No. 13. In addition to the foregoing, the Court advised that the imposition of sanctions may be appropriate in the form of a monetary fine and/or an injunction prohibiting Mr. Smalis from future filings in this case and its related adversary proceedings.[3]

Prior to the hearing, Mr. Smalis sought withdrawal of the reference. That request was ultimately denied by the District Court. In the interim, the Motions to Dismiss were filed. Following the decision of the District Court, this Court reset the previously scheduled hearing and provided that the Motions to Dismiss would be heard on the same date. A response to the Motions to Dismiss was filed by Mr. Smalis, and oral argument on the matters was heard on April 7, 2016. The matters were taken under advisement at that time and are ripe for decision.

---

[3] Mr. Smalis has been warned by this Court on **numerous** occasions of the potential for the imposition of sanctions where filings are made for an improper purpose. *See, e.g.*, Memorandum Orders dated March 3, 2014 and April 10, 2014, Adv. No. 13-2362, Doc. Nos. 89 and 103; Memorandum Opinion dated July 7, 2015, Case No. 05-31587, Doc. No. 236; Memorandum Opinion dated September 14, 2015, Case No. 05-31587, Doc. No. 272; Order dated September 16, 2015, Adv. No. 15-2174, Doc. No. 14.

## Analysis

Shortly after the filing of the Complaint, the Court first raised the issue of subject matter jurisdiction in the Order dated September 22, 2015. The subsequently filed Motions to Dismiss assert that this Court lacks subject matter jurisdiction. Accordingly, the Court begins with an analysis of its jurisdiction pursuant to 28 U.S.C. §1334, which provides as follows:

> (a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.
> (b) Except as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

*See* 28 U.S.C. §1334(a), (b). District courts are authorized to refer said cases and proceedings to bankruptcy courts pursuant to 28 U.S.C. §157(a). Pursuant to a general order, the District Court for the Western District of Pennsylvania refers these cases and proceedings to the bankruptcy judges in this district.

For the purpose of establishing subject matter jurisdiction, this Court must find that Mr. Smalis' claims are *at least* "related to" the bankruptcy case, i.e., the broadest means of establishing bankruptcy jurisdiction. *See Geruschat v. Ernst Young LLP* (*In re Seven Fields Development Corp.*), 505 F.3d 237, 257 (3d Cir. 2007). The Third Circuit set forth the applicable test in *Pacor, Inc. v. Higgins*, which has been applied as follows:

> The test of whether a bankruptcy court has "related to" jurisdiction over a matter is whether "the outcome of [the] proceeding could conceivably have any effect on the estate being administered in bankruptcy." *In re Resorts Int'l, Inc.*, 372 F.3d 154, 164 (3d Cir.2004) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir.1984), *overruled on other grounds*, *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995)). The key word in the test is "conceivable" and "certainty, or even likelihood, is not a requirement." *Id.* (quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 264 (3d Cir.1991)). The "conceivable effects" test is broad and extends to any related lawsuit or proceeding, including third-party proceedings, that "would affect the bankruptcy

5

> proceeding without the intervention of ... another lawsuit." *In re Federal-Mogul Global, Inc.*, 300 F.3d 368, 382 (3d Cir.2002). Thus, "related to" jurisdiction has been exercised where third-party actions involve assets that are under the bankruptcy court's administration, *see In re Wood*, 825 F.2d 90, 93-94 (5th Cir.1987), as well as third-party actions where the outcome could have a direct effect on the assets of the estate, s*ee Kaonohi Ohana, Ltd. v. Sutherland*, 873 F.2d 1302, 1306-07 (9th Cir.1989).

*See Zinchiak v. CIT Small Business Lending Corp.* (*In re Zinchiak*), 406 F.3d 214, 226 (3d Cir. 2005).

According to Mr. Smalis, because he and the Debtor were co-owners of the properties when the bankruptcy case commenced, his request for a determination of tax liability and for recoupment of overpayment of taxes is related to the bankruptcy estate such that the bankruptcy court has subject matter jurisdiction. This Court disagrees. Notably, neither the estate nor the Debtor have retained any interest in either the Boulevard of the Allies Property, which was sold during the course of the bankruptcy case, or the Liberty Avenue Property, which was abandoned and subsequently transferred to Mr. Smalis as a part of a settlement. It is also telling that neither the Debtor nor the current trustee, Jeffrey Sikirica, has participated in this proceeding. Most significantly, the estate has been fully administered. There is simply no potential benefit to the estate if Mr. Smalis' claims against the taxing bodies are pursued. This case resulted in a surplus to the Debtor after distribution to creditors. To the extent the case was reopened in 2008 to address the claim of the DEP, that matter was long ago resolved by this Court's Order dated March 5, 2014, approving the settlement between the Debtor and the DEP. *See* Case No. 05-31587, Doc. No. 193. This bankruptcy case remains open only due to the continuous and often

duplicative filings by Mr. Smalis.[4]

Furthermore, with respect to the sale of the Boulevard of the Allies Property, that sale was approved by this Court approximately **ten years** ago. Notably, Mr. Smalis, despite his extensive involvement in that adversary proceeding, failed to challenge the tax assessments related to that property at the relevant time; accordingly, disbursements were made as required at settlement for city, school, and county taxes. Mr. Smalis previously alleged in separate proceedings before this Court that the same tax assessments were improper and that the former and current trustees failed to challenge the assessments for the benefit of the estate. The Court addressed these contentions in its Memorandum Opinion dated July 7, 2015, and denied the requested relief sought by Mr. Smalis against the trustees. *See* Case No. 05-31587, Doc. No. 236, at 16-17.[5] Trustee Makoroff clearly set forth his reasoning for choosing not to pursue a challenge of the tax assessments, which this Court accepted.

Furthermore, this Court questions Mr. Smalis' standing to pursue this action to the extent he represents that he is doing so on behalf of the bankruptcy estate.[6] Upon review of the record, Mr. Smalis appears to be pursuing these claims for his own benefit in this forum only because he has been unable to obtain relief elsewhere. Mr. Smalis previously challenged the tax assessments

---

[4] Since the case was reopened, Mr. Smalis commenced several adversary proceedings. *See* Adv. Nos. 12-2140, 13-2362, 15-2174, and 15-2182. Another adversary proceeding was commenced by E. Smalis Painting Co., Inc., of which Mr. Smalis is the sole shareholder and president. *See* Adv. No. 14-2075. Notably, Mr. Smalis also challenged the tax assessments as part of his complaint alleging violations of the Racketeer Influenced and Corrupt Organizations Act in Adv. No. 13-2362. That proceeding was dismissed with prejudice by the Order entered January 17, 2014.

[5] This Court also denied reconsideration of the July 7, 2015 decision. *See* Memorandum Opinion and Order dated September 14, 2015, Case No. 05-31587, Doc. Nos. 272 and 273. Thereafter, Mr. Smalis appealed the Court's ruling; however the decision was affirmed by the District Court on March 9, 2016.

[6] As has been addressed previously by this Court, to the extent Mr. Smalis was a creditor, he reached a settlement with the Debtor. *See* Memorandum Opinion, Case No. 05-31587, Doc. No. 236, 9-10.

with respect to the Liberty Avenue Property in state court proceedings; however, he was ultimately unsuccessful despite his appeal to the Commonwealth Court and subsequently to the Supreme Court of Pennsylvania. Thereafter, Mr. Smalis brought an action in the Western District of Pennsylvania alleging that his federal constitutional rights were violated due to the taxing bodies' failure to send the tax assessment notices to his correct address. Notably, many of the allegations made in this adversary proceeding are duplicative of the action commenced in District Court, which was dismissed for lack of jurisdiction. *See* Exhibit 7 to Complaint. Following the dismissal, Mr. Smalis appealed to the Third Circuit. According to Mr. Smalis, that appeal was also unsuccessful. Significantly, there is no indication that the Debtor was a party to or a participant in these proceedings.

Upon review of the Complaint, Mr. Smalis' claims lack the requisite relation to the bankruptcy case. As this Court has determined that the adversary proceeding must be dismissed for lack of subject matter jurisdiction, the other grounds raised in the Motions to Dismiss will not be addressed herein.[7]

## **Conclusion**

Based upon the foregoing, Mr. Smalis' Complaint will be dismissed as this Court lacks subject matter jurisdiction. The Court notes that an appropriate forum for Mr. Smalis' claims was available to him. The fact that he may not have been vigilant in pursuing relief and/or unsuccessful in obtaining relief does not mean that he was denied due process. Mr. Smalis has raised substantially the same claims in the state court up to the Pennsylvania Supreme Court and

---

[7] To the extent that Mr. Smalis referenced additional pieces of property in his response to the Motions to Dismiss and at the hearing on April 7, 2016, the outcome of this proceeding remains the same. Notably, according to Mr. Smalis' response, the additional lots referenced are the subject of proceedings currently pending in the District Court related to a zoning issue. *See* Response, Adv. No. 15-2182, Doc. No. 63, at 15-16. The matters are unrelated to this bankruptcy case.

in the District Court up to the Third Circuit. Having been unsuccessful, Mr. Smalis appears to seek relief in this Court as a last resort. As this Court lacks subject matter jurisdiction, Mr. Smalis cannot pursue his claims here. Accordingly the adversary proceeding will be closed.[8] An Order will be entered consistent with this Memorandum Opinion.

Date: April 25, 2016             __/s/ Carlota M. Böhm_____
                                                           Carlota M. Böhm
                                                           United States Bankruptcy Judge

**MAIL TO:**

Adam Rosenthal, Esq.

Lee Mauro Dellecker, Esq.

Ernest Smalis
6652 Northumberland Street
Pittsburgh, PA 15217

FILED
4/25/16 3:41 pm
CLERK
U.S. BANKRUPTCY
COURT - PGH

---

[8] As a result, the *Emergency Expedited Motion to Disqualify Counsel Pursuant to Rule 9013-2 Procedure for Expidited* [sic] *Hearings* will be denied as moot by separate order.